FERRANTE EQUIPMENT COMPANY, Plaintiff, *v.* LASKER-GOLDMAN CORPORATION et al., Respondents.

LASKER-GOLDMAN CORPORATION, Third-Party Plaintiff-Respondent, *v.* HANOVER INSURANCE COMPANY, Third-Party Defendant-Respondent.

HANOVER INSURANCE COMPANY, Fourth-Party Plaintiff-Respondent, *v.* ANCHOR CONSTRUCTION Co., INC., et al., Fourth-Party Defendants, and ANTHONY J. FERRANTE, Fourth-Party Defendant-Appellant.

First Department, March 11, 1969.

*Frederick Cohen* of counsel (*M. Carl Levine, Morgulas & Foreman,* attorneys), for appellant.

*Henry J. Wallach* of counsel (*Hart & Hume,* attorneys), for Hanover Insurance Company, fourth-party plaintiff-respondent.

TILZER, J. This is not a case where a nonresident defendant's minimal contacts with New York were such as to subject him to the jurisdiction of the courts of this State. The fourth-party defendant-appellant's only act affecting this State was his execution in his domicile, the State of New Jersey, of an indemnity agreement personally indemnifying the fourth-party plaintiff-respondent insurance company against losses it might sustain arising out of a subcontract to be performed by a third party in New York. The fact that the subcontract for which the respondent's performance and payment bond was given was to be performed in New York was insufficient to sustain jurisdiction against appellant. He is being sued personally upon the indemnity agreement. The liberal statutory criterion (CPLR 302, subd. [a], par. 1) is not met by the unilateral acts of others

engaged in performance of the subcontract in New York, nor by the circumstance that the appellant nondomiciliary may derive "commercial benefit" from such contract. The mere receipt by a nonresident of benefit or profit from a contract performed by others in New York is clearly not an act by the recipient in this State sufficient to confer jurisdiction under our long-arm statute (CPLR 302, subd. [a], par. 1; *McKee Elec. Co.* v. *Rauland-Borg Corp.,* 20 N Y 2d 377; *Longines-Wittnauer* v. *Barnes & Reinecke,* 15 N Y 2d 443; *Wirth* v. *Prenyl, S. A.,* 29 A D 2d 373; *Hubbard, Westervelt & Mottelay* v. *Harsh Bldg. Co.,* 28 A D 2d 295).

The order should be reversed, on the law, and fourth-party defendant-appellant's motion to dismiss for lack of jurisdiction should be granted, with costs and disbursements to defendant-appellant.

McNALLY, J. (dissenting). Special Term properly sustained personal jurisdiction over Anthony J. Ferrante (Ferrante), fourth-party defendant-appellant on the basis of CPLR 302 (subd. [a], par. 1). This action involves two sequential claims of indemnity consequent on plaintiff's cause of action. The two indemnity actions describe the persons involved as third parties. The persons involved in the second indemnity action will be hereinafter designated as fourth parties.

Plaintiff Ferrante Equipment Company (Ferrante Equipment) in December, 1965 had furnished to fourth-party defendant Anchor Construction Co., Inc. (Anchor) in New York construction equipment and machinery exceeding $200,000 in value. Ferrante Equipment is a family corporation controlled by Ferrante.

Lasker-Goldman Corporation (Lasker), a New York corporation, defendant and third-party plaintiff, had the general contract with the State University Construction Fund for the construction of several buildings at New Paltz State College, New Paltz, New York. Anchor was under contract with Lasker to perform site and excavation work. Anchor was required to furnish Lasker with a performance bond in the sum of $230,000. Anchor had commenced work on the project and Ferrante had indorsed bank notes to enable Anchor to proceed with the work. Anchor was unable to procure a performance bond and Lasker refused to make progress payments without the bond.

In December, 1965 Ferrante, a resident of New Jersey, applied to third-party defendant and fourth-party plaintiff, the Hanover Insurance Company (Hanover), a New York corporation, for a performance bond in behalf of Anchor. Ferrante applied therefor to Hanover's general agent in Somerville, New Jersey. The

bond was refused unless Ferrante agreed to indemnify Hanover. Ferrante agreed to indemnify Hanover only after an agreement had been made between Lasker and Anchor providing that future partial payment checks shall be drawn by Lasker to the order of Anchor and Ferrante, with the exception of payroll checks, which were to be payable to Angelo W. Sorrentino, fourth-party defendant and president of Anchor.

Anchor's performance bond issued by Hanover was delivered to Lasker in New York. The performance assured was the site and excavation work of Anchor at New Paltz, New York.

This action was commenced August, 1967 by Ferrante Equipment to recover the sum of $67,678.48, the agreed price of construction equipment furnished by it to Anchor at the New York site. Ferrante Equipment seeks to recover against Lasker's insurer, who seeks a recovery over against Hanover, Anchor's insurer, and Hanover seeks indemnity from Ferrante. Ferrante Equipment and Ferrante are represented by the same attorneys.

The Federal due process clause of the Fourteenth Amendment is satisfied if a judgment in personam against a defendant not within the forum is based on "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'". (*International Shoe Co.* v. *Washington*, 326 U. S. 310, 316.) And in *McGee* v. *International Life Ins. Co.* (355 U. S. 220, 223) a single insurance contract was held to have a "substantial connection with that State [California]" and the judgment thereon against a foreign corporation served by mail at its principal place of business in Texas within the ambit of due process. CPLR 302 is responsive to the enlarged scope of the due process clause manifested in the *International Shoe* and *McGee* cases. In addition, it adopts analogous provisions of the Illinois Civil Practice Act (Ill. Stat. Ann., ch. 110, § 17). CPLR 302 enables personal jurisdiction of any nondomiciliary as to a cause of action arising from his transaction of any business within the State. (*Longines-Wittnauer* v. *Barnes & Reinecke,* 15 N Y 2d 443, 452.) However, it is essential that the transaction be the result of the activities of the nonresident defendant. He may not be charged with the unilateral activity of "those who claim some relationship with a nonresident defendant". (*Hanson* v. *Denckla,* 357 U. S. 235, 253; *Longines-Wittnauer* v. *Barnes & Reinecke, supra,* p. 451.) "A single transaction in New York, out of which the cause of action has arisen, may satisfy the requirement of the transaction of business provision (CPLR 302, subd. [a], par. 1)." (*Longines-Wittnauer* v. *Barnes & Reinecke, supra,* p. 456.) And the scope of inquiry includes acts

of the defendant preliminary or subsequent to the performance bond and indemnity agreement underlying the action against Ferrante. (*id.*, pp. 456, 457.)

Hanover alleges that Ferrante controls Ferrante Equipment, a closely-held family corporation, which had delivered to Anchor's construction site in New Paltz, New York, $200,000 worth of equipment and machinery; that Ferrante had guaranteed bank notes of Anchor arising from its performance of the New York job; that payments by Lasker for the work of Ferrante Equipment and Anchor in New York had been refused because of Anchor's inability to furnish a performance bond; that the performance bond was procured by Ferrante to comply with the provision therefor in Anchor's contract with Lasker in order to protect his and his corporation's financial involvement in the New York project; and that subsequent payments for the work performed and machinery delivered by Anchor and Ferrante Equipment to the New York project were made jointly to Anchor and Ferrante. Said allegations are undenied. The said activities of Ferrante in their entirety and in combination more than meet the statutory test of his transaction of business in New York. (Pp. 458, 467; *Banco Espanol do Credito* v. *Du Pont*, 24 A D 2d 445; *Schneider* v. *J & C Carpet Co.*, 23 A D 2d 103.)

The fact that Ferrante executed the indemnity agreement in New Jersey is relevant but does not preclude the showing of prior and subsequent purposeful acts in New York satisfying the statutory test. (*Longines-Wittnauer* v. *Barnes & Reinecke, supra*, p. 457.)

The cases relied on by appellant Ferrante are inapplicable. *Wirth* v. *Prenyl, S. A.* (29 A D 2d 373) and *Hubbard, Westervelt & Mottelay* v. *Harsh Bldg. Co.* (28 A D 2d 295) were actions on promissory notes and held personal jurisdiction of the makers, foreign corporations, may not be grounded on installment payments made or required to be made in New York as provided in the notes. Neither the provision for said installment payments nor the payments were the purposeful acts of the defendants within the meaning of CPLR 302 (subd. [a], par. 1). *McKee Elec. Co.* v. *Rauland-Borg Corp.* (20 N Y 2d 377) held plaintiff had failed to establish the minimum contacts required for personal jurisdiction of an Illinois corporate defendant. There less than 5% of defendant's sales were made in New York through several distributors, of whom plaintiff was one. Plaintiff failed to show solicitation of New York business by the defendant; orders were received and accepted by defendant in and shipped f.o.b. Chicago. The fact that a representative of defendant for 13 northeastern States also visited briefly with

plaintiff on one occasion to discuss plaintiff's legal position relative to certain engineering specifications was held insufficient to establish the required statutory minimum contacts in this State on defendant's part.

In the case at bar, the record shows the underlying indemnity agreement with Ferrante contemplated and resulted in multiple, substantial and purposeful business transactions in New York. The order appealed from should be affirmed.

STEVENS, P. J., and EAGER, J., concur with TILZER, J.; MCNALLY, J., dissents in opinion.

Order entered on April 29, 1968, reversed, on the law, with $50 costs and disbursements to defendant-appellant, and fourth-party defendant-appellant's motion to dismiss for lack of jurisdiction granted with $10 costs, and the action severed.